Johnson J.
delivered the opinion of the Court.
The exigency of the writ of habere facias possessionem, requires that the sheriff should put the plaintiff in possession of the premises, as well as that he should turn out the defendant, and this can only be done' by turning out all who are in possession. The only objection to this course, is, that it might operate upon third persons who were in possession, claiming in their own right, and who were not parties, and who might not have notice of the pendency of the suit. The common law provides an ample remedy for this evil. If the tenant in possession make default or neglect to give the landlord notice of the action, ón a proper case made, the Court will stay execution until his right is tried, 3 Bl. Com. 203-5, thus furnishing a security against ,a collusion between the plaintiff and defendant, to prejudice the rightful owner, and against the combination between the defendant and others pretending title, to the injury of the plaintiff.
The order of the Circuit Court is therefore reversed, and it is ordered that the rule against the sheriff be made absolute, unless he execute the said writ within one month after notice of this opinion.
Motion, granted.